**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

_____
                                            )
SONNY AUSTIN RAMDEO,                         )
                                            )
                    Plaintiff,               )
                                            )
        v.                                   )          Civil Action No. 17-859 (ABJ)
                                            )
DEPARTMENT OF JUSTICE,                       )
                                            )
                    Defendant.               )
_____)

**<u>MEMORANDUM OPINION</u>**

In this FOIA action, defendant has supplemented the evidentiary record and renewed its motion for summary judgment. *See* Mem. Op. and Order [Dkt. # 52] (granting summary judgment on all but two matters); Renewed Mot. for Summ. J. [Dkt. # 55]. On August 18, 2020, the Court reminded plaintiff that pursuant to the briefing schedule, his opposition was due by September 15, 2020, and citing *Neal v. Kelly,* 963 F. 2d 453, 456 (D.C. Cir. 1992), warned about the consequences of failing to respond to the renewed motion. *See* Order [Dkt. # 57]. Plaintiff has neither filed a response nor requested additional time to respond. So, for the reasons explained below, the Court will now grant defendant's renewed motion.

The Court must "determine for itself whether the record and any undisputed material facts justify granting summary judgment." *Winston & Strawn, LLP v. McLean*, 843 F.3d 503, 505 (D.C. Cir. 2016) (internal quotation marks and citation omitted); *see* Fed. R. Civ. P. 56(a) (requiring a court to "state on the record the reasons for granting or denying" summary judgment). Here, summary judgment may rest on defendant's uncontested affidavit provided it is "relatively detailed and non-conclusory," *SafeCard Servs., Inc. v. SEC*, 926 F.2d 1197, 1200 (D.C. Cir. 1991) (citation

1

omitted), and offers "logical" or "plausible" explanations for the asserted exemptions, *Wolf v. CIA*, 473 F.3d 370, 374-75 (D.C. Cir. 2007) (citations omitted).

The remaining issues concern defendant's complete withholding under FOIA Exemption 5 of "draft versions of affidavits" supportive of search and arrest warrants, Mem. Op. at 15, and its withholding under Exemption 7(D) of information supplied by third-party individuals under an implied grant of confidentiality, *id*. at 21-23.  Defendant has satisfactorily addressed each concern.

**Exemption 5**

The Court approved defendant's justification for withholding the draft affidavits of an FBI Special Agent as deliberative process material, but it lacked information to assess the agency's ability to segregate and release any non-exempt factual material.  Mem. Op. at 15-16.  Defendant has confirmed that (1) the draft affidavits were in fact reviewed for segregability, and (2) there is no "factual information that could be segregated from the draft product without also revealing the [Special Agent's] deliberations."  Decl. of Michael G. Seidel ¶¶ 5-7 [Dkt. # 55-1].  Furthermore, the declarant reasonably posits that because the finally approved affidavit was disclosed with only third-party information redacted, "[r]eleasing any portion of the draft documents, or any information deemed potentially factual, [c]ould reveal the structural differences  between the final product and this draft version, and could show the [Special Agent's] drafting process and any unrefined ideas that may not have made it into the final product."  *Id*. ¶ 6.

**Exemption 7(D)**

Regarding the withheld confidential source information, defendant has submitted an ex parte supplemental declaration, which the Court has reviewed in camera.  The declaration contextualizes the informants' "expressed concerns regarding their safety and feared retribution

from Plaintiff," Mem. Op. at 22, quoting Hardy Decl. ¶ 35, essentially describing circumstances where confidentiality may be reasonably inferred.

Plaintiff has not availed himself of the opportunity to refute any part of defendant's supplemental record favoring summary judgment.  So, the court will grant the instant motion and enter judgment accordingly.  A separate order accompanies this Memorandum Opinion.


AMY BERMAN JACKSON
United States District Judge

DATE: December 11, 2020

3